O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE A. CURELLA,<br><br>    Petitioner,<br><br>  vs.<br><br>JOSEPH K. WOODRING, WARDEN,<br><br>    Respondent. | CASE NO. CV 08-03382 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Petitioner seeks nine months of credit toward his federal sentence, but he already received that much credit towards a state sentence instead. Federal law does not entitle Petitioner to the "double credit" he seeks.

**I.**

**BACKGROUND**

Petitioner has swung like a pendulum from state physical custody (if not necessarily legal custody) to federal physical custody and back again, repeatedly. He began in state custody. On March 7, 2005, California state authorities arrested Petitioner and charged him in Contra Costa County Superior Court with receiving stolen property and the possession and sale of a controlled substance. *See* Cheryl Pauley Decl. (appended to Answer) ¶ 4; Resp.'s Ex. 1 at 6. Four months later, on July 5, 2005, a federal grand jury

1  in the Northern District of Florida indicted Petitioner on two drug trafficking charges.
2  Pauley Decl. ¶ 5; Resp.'s Ex. 1 at 3. At that time, the United States Marshal placed a
3  detainer on Petitioner to ensure that Petitioner could be transported by the Marshal for
4  proceedings on the indictment. *See* Resp.'s Ex. 5 at 46.

5  On March 16, 2006, Petitioner was removed from state physical custody via
6  federal prosecution writ and transported to Florida for proceedings on the drug trafficking
7  charges. Pauley Decl. ¶ 6; Resp.'s Ex. 1 at 6; Resp.'s Ex. 3. Petitioner pleaded guilty to
8  one of the charges on May 18 and, on August 16, was sentenced to 150 months in federal
9  prison. Pauley Decl. ¶ 7; Resp.'s Exs. 2, 8.

10  Petitioner returned to state physical custody. He was convicted of drug
11  charges in Contra Costa County Superior Court. On October 24, 2006, he was sentenced
12  to five years and four months in state prison. Pauley Decl. ¶ 8; Resp.'s Exs. 3, 4, 5.

13  Just five months later, on May 2, 2007, Petitioner won parole from his state
14  prison sentence. Pauley Decl. ¶ 8; Resp.'s Ex. 4. The BOP used that (May 2, 2007) date
15  as the first day of Petitioner's federal sentence. *Id.* Critically, Petitioner did not receive
16  any federal-sentence credit for the prior time he spent in various state and even federal
17  facilities, in part because he did receive credit towards his *state* sentence for all of that time.
18  *See* Pauley Decl. ¶ 8; Resp.'s Ex. 8.

19  Petitioner filed the current petition on May 22, 2008, asserting that he was
20  entitled to a bit over nine months' credit on his federal sentence from July 5, 2005, the date
21  of the federal indictment, through March 15, 2006.

## II.
## APPLICABLE LAW AND ANALYSIS

25  Prisoners typically are entitled to pre-sentencing credit against their sentences,
26  but – except as discussed below with respect to the BOP's discretionary authority – the
27  same block of time generally cannot be credited to both a federal and a state sentence (or
28  to two different federal sentences). 18 U.S.C. § 3585(b). "Congress made clear" in

enacting this statute, the Supreme Court has explained, "that a defendant [can]not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

When a prisoner is arrested by two sovereigns in turn, the first to arrest him generally has priority of jurisdiction for trial, sentencing and execution of sentence. *See United States v. Warren*, 610 F.2d 680, 684-85 & n.9 (9th Cir. 1980). Where a state arrests a defendant first, as occurred with Petitioner, the state thus has initial or "primary" jurisdiction, and federal *legal* custody begins only after prisoner's state term is satisfied. *Taylor v. Reno*, 164 F.3d 440, 441 n.1 (9th Cir. 1998).

Here, Petitioner's California state term, at least in the sense of incarceration, was satisfied upon his parole on May 2, 2007. The records cited above reflect that Petitioner received credit towards his *state* sentence for the time between his arrest and the parole date. He thus is not entitled to credit against his *federal* sentence for any part of that time, as he seeks here.

Petitioner's core contentions are based on an understandable misunderstanding of the law. He points to the fact that, during much of the time at issue, he was physically in the hands of the United States Marshal (or was kept from obtaining state bail because of the federal detainer). How, he wonders, can he not be accorded *federal* sentencing credit for such periods? It is true that Petitioner spent part of the time at issue in the *physical* custody of the Marshal, when he was "writted out" of California to face the federal drug trafficking charges in Florida. But as a legal matter, he remained in state custody all the while, for prisoners thus transferred are viewed as having been merely "borrowed" by another sovereign, with *legal* custody remaining undisturbed. *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (distinguishing authorities cited by Petitioner); *see also Rios v. Wiley*, 201 F.3d 257, 274-75 (3d Cir. 2000) (rule prohibiting "double crediting" applies against prisoner "borrowed" by federal authorities pursuant to a prosecution writ) ("The principal rationale for disallowing double credit in this circumstance is that the prisoner is not in custody solely because of the pending federal

1 charges, but instead is serving the prior state sentence."); *Taylor v. Reno*, *supra*, 164 F.3d
2 at 441 n.1 (explaining that the "borrowing" sovereign indeed has jurisdiction over the
3 "borrowed" prisoner – but that the prior sovereign retains *primary* jurisdiction for purposes
4 of priority in trial, sentencing and incarceration). Such is exactly what occurred in
5 Petitioner's case. Petitioner clearly fails to show that he is *entitled* to such relief.

6 Finally, the parties mention the BOP's statutory authority to accord Petitioner
7 the double credit he wishes as a *discretionary* matter, called a "retroactive designation"
8 because Petitioner's state term of incarceration already has been served. *See generally* 18
9 U.S.C. § 3621(b). The enabling statute lists several criteria to be considered by the BOP,
10 including the nature of the offense, the history of the prisoner and any pertinent statement
11 by the federal sentencing judge. *Id*. Here, the BOP wrote the federal judge who sentenced
12 Petitioner to ask his views on the matter, but the judge expressly declined to take a
13 position. *See* Resp.'s Exs. 6, 7. The BOP then declined to grant Petitioner a retroactive
14 designation. That discretionary determination may be reversed only if shown to be
15 arbitrary and capricious. *Cf. Taylor v. Sawyer*, 284 F.3d 1143, 1148-49 (9th Cir. 2002)
16 (upholding BOP's rejection of discretionary sentencing credit under 18 U.S.C. § 3584).
17 Petitioner's briefs purport to address this issue but actually say little or nothing about the
18 factors listed in 8 U.S.C. § 3621(b). He fails to show that the denial was arbitrary and
19 capricious.

### III.
### CONCLUSION

For the foregoing reasons, the Court DENIES the petition and, under separate cover, will DISMISS the action with prejudice.

DATED: December 9, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE